# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ADIB EDDIE RAMEZ MAKDESSI,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00428 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **COLLINS, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Adib Eddie Ramez Makdessi, Pro Se Plaintiff.*

The plaintiff, Adib Eddie Ramez Makdessi, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Makdessi has applied to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(b), and I will grant that application.[1] Upon review of the record, however, I conclude that the claims in this action must be summarily dismissed as time barred under the applicable statute of limitations.

Makdessi began this action in July 2022 as *Makdessi v. Clarke*, No. 7:22CV00428, and later amended his Complaint twice. But even his Second Amended Complaint alleged numerous, unrelated claims against multiple

---

[1] A prisoner litigant who is granted in forma pauperis under § 1915(b) must pay the full filing fee for the case but may do so through installment payments withheld from his inmate trust account. 28 U.S.C. § 1915(b).

defendants, so the court severed them into separate civil actions. Claims One and Two of the Second Amended Complaint are contained in this numbered action, both concerning events at Red Onion State Prison (Red Onion). Liberally construed, Claim One alleges that on August 3, 2015, while Makdessi was in handcuffs and shackles, Officer S.T. White punched and kicked him, causing injury to several disks in his back and to his left shoulder and right knee. Makdessi describes these injuries and their after-effects as "TORTURE." Second Am. Compl. 4, ECF No. 15.

In Claim Two, Makdessi alleges that White and Unit Manager Swiney intercepted Makdessi's lawsuit against White for the injuries inflicted in Claim One. They allegedly ripped it to pieces and "threatened [him] not to file one or S.T. White" would assault him again. *Id.* Swiney and Collins then placed Makdessi in a handicapped-equipped cell, while threatening to remove him from that cell as a means to prevent him from filing future lawsuits.

Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Such actions in Virginia must be commenced within two years from the date on which the claim accrues. Va. Code Ann. § 8.01-243(A). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v.*

*Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). When the court finds it clear from the face of the complaint that the plaintiff's claims are time barred and he filed his lawsuit in forma pauperis, the court may summarily dismiss the action as frivolous under § 1915(e)(2)(B). *Id.* at 956 (applying earlier version of 28 U.S.C. § 1915(d)).

I am satisfied from Makdessi's allegations in Claims One and Two that he has waited too long to file these § 1983 claims about events in 2015 and 2016. In both claims, it is self-evident that Makdessi knew of his alleged injuries by the defendants within days or weeks of the alleged events. Thus, I find that his § 1983 claims accrued no later than 2016. Yet, Makdessi did not sign and date his Second Amended Complaint until November 30, 2022, more than five years after his claims accrued.[2] Thus, his claims are time barred under § 8.01-243(A). Accordingly, I will dismiss this action under § 1915(e)(2)(B)(1) as frivolous.

An appropriate Final Order will enter this day.

DATED: May 10, 2023

/s/ JAMES P. JONES
Senior United States District Judge

---

[2] An inmate's § 1983 action is commenced for purposes of the statute of limitations when he delivers his complaint to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991). For purposes of this Opinion, I will assume that Makdessi delivered his Second Amended Complaint in No. 7:22CV00428 to authorities for mailing on the same day when he signed and dated it.